UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BOBBY GOLDSTEIN PRODUCTIONS,     )
INC.,                            )
                                 )
            Plaintiff,           )          CIVIL ACTION NO.
                                 )
VS.                              )          3:21-CV-1924-G
                                 )
THOMAS L. HABEEB and ATVD, LLC   )
d/b/a AMERICAN TELEVISION        )
DISTRIBUTION,                    )
                                 )
            Defendants.          )

### MEMORANDUM OPINION AND ORDER

Before the court is the plaintiff Bobby Goldstein Productions, Inc.'s ("BGP" or

"plaintiff") motion *in limine* (docket entry 75).[*]  In it, BGP asks the court to preclude

the defendants Thomas L. Habeeb ("Habeeb") and ATVD, LLC, d/b/a American

Television Distribution (collectively, "the defendants") from arguing:  "[1.] that BGP

'waived' its claims of copyright infringement, [2.] that BGP 'acquiesced' to

---

[*]       BGP initially submitted three opposed motions *in limine*.  *See* Plaintiff's
Motions *in Limine* (docket entry 75).  At pretrial conference, however, the defendants
Thomas L. Habeeb and ATVD, LLC, d/b/a American Television Distribution
withdrew their opposition to BGP's first and second motions.  As such, the court will
treat BGP's first and second motions as unopposed and they are **GRANTED**.

Defendants' copyright infringement, or [3.] that they were 'innocent infringers' of BGP's copyrights."  Plaintiff's Motions *in Limine* ("Motions") (docket entry 75) at 3. For the reasons set forth below, the motion is **GRANTED** in part and **DENIED** in part.  The court **GRANTS** BGP's motion to preclude the defendants from arguing that BGP acquiesced in the defendants' alleged copyright infringement and that innocent infringement is an affirmative defense to copyright infringement.  The court **DENIES** BGP's motion to prevent the defendants from claiming that BGP waived its copyright infringement claim and from asserting innocent infringement as a method of reducing statutory damages.

## I.  ANALYSIS

### A.  Waiver

BGP asserts that the court should prevent the defendants from arguing that BGP waived its copyright infringement claim.  Motions at 3.  BGP states that waiver is not a defense to copyright infringement.  *Id.*; see also *Gillani Consulting, Inc. v. Ferguson Enterprises, Inc.*, No. 3:07-CV-1488-O, 2010 WL 11583174, at *7 (N.D. Tex. June 8, 2010) (O'Connor, J.).  Alternatively, BGP argues that the court should exercise its discretion under Federal Rule of Evidence 403 to prevent the defendants from making this argument because it will "suggest[] to the jury that it should decide the case on an improper legal basis."  Motions at 4.

The defendants respond by stating that parties can waive any right they

choose, and that the *Gillani* court was conflating the waiver and abandonment defenses when it stated that "[a]lthough waiver is not a defense in a copyright infringement suit, abandonment of the copyright is an effective defense and is the particular copyright doctrine closest to waiver." *Gillani*, 2010 WL 11583174, at *7. The defendants point out that the *Gillani* court "defines 'abandonment' as when the copyright holder has the intent to surrender his rights in his works" and that waiver is similarly "the intentional relinquishment of a known right." Defendants' Response to Plaintiff's Motion *in Limine* ("Response") (docket entry 83) at 4. BGP replies that the defendants cannot raise a new affirmative defense of abandonment right before trial, after having only pled waiver and failing to plead abandonment before the relevant deadlines. Reply in Support Plaintiff's Motion *in Limine* No. 3 ("Reply") (docket entry 86) at 2.

The Fifth Circuit has accepted waiver as a plausible defense to copyright infringement. "A right such as copyright may be waived by inaction. Copyright also may be waived as the result of a particular act, even if waiver was not the intended result." *Veeck v. Southern Building Code Congress International Inc.*, 241 F.3d 398, 409 (5th Cir. 2001), *rev'd on other grounds*, 293 F.3d 791, 793, 806 (5th Cir.) (en banc), *cert. denied*, 537 U.S. 1043 (2002). As one court noted, "[i]t used to be the case that [a]bandonment [could] only be shown by proving the copyright proprietor intended to surrender the rights in a work he so deliberately perfected" but now proprietors can

- 3 -

waive copyrights by inaction or particular acts. *Malibu Media, LLC v. Schmidt*, No. SA-19-CV-00599-XR, 2020 WL 5351079, at *2 (W.D. Tex. Sept. 1, 2020) (internal quotation omitted).

Because the Fifth Circuit recognizes waiver as an affirmative defense to copyright infringement, BGP's motion is **DENIED** on this issue.  The defendants may argue that BGP waived its copyright infringement claim.

## B.  Acquiescence

BGP argues that the court should preclude the defendants from stating, as an affirmative defense, that BGP acquiesced to the defendants' alleged copyright infringement.  Motions at 3.  BGP claims that acquiescence is not a defense to copyright infringement, but, rather, it is a defense to trademark infringement. *Id.*; see also *Creative Photographers, Inc. v. Brock Collection, LLC*, No. 2:20-CV-09261-RGK-E, 2021 WL 3568243, at *2 (C.D. Cal. July 7, 2021).  Alternatively, BGP asks the court to exercise its discretion under Federal Rule of Evidence 403 to prevent the defendants from making this argument because it will "suggest[] to the jury that it should decide the case on an improper legal basis."  Motions at 4.

The defendants do not respond to BGP's argument that the court should preclude them from stating that BGP acquiesced in the alleged copyright infringement.  Instead, the defendants construe BGP's motion as arguing that the court should preclude the defendants from introducing "evidence that BGP

authorized Defendants to use the copyrighted material." Response at 3. The defendants then argue that the court should allow them to introduce "evidence of authorization, either verbal or implied from conduct." *Id.* at 4. BGP, however, "does not seek to preclude Defendants" from arguing that they authorized the defendants to use the copyrighted videos in question. Reply at 4.

There is little Fifth Circuit authority on whether acquiescence is an affirmative defense to copyright infringement or if it is only an affirmative defense to trademark infringement. In *American Registry of Radiologic Technologists v. Bennett*, 939 F. Supp. 2d 695, 713 (W.D. Tex. 2013) (citing *Conan Properties, Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 153 (5th Cir. 1985)), the court applied the acquiescence defense to a copyright infringement claim. The *Conan* court, however, applied the acquiescence defense to trademark infringement, not copyright infringement. *Conan*, 752 F.2d at 151, 153; see also *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 205-06 (5th Cir. 1998) (applying the acquiescence defense to trademark infringement); *Board of Regents, University of Texas System ex rel. University of Texas at Austin v. KST Electric, LTD*, 550 F. Supp. 2d 657, 664-65 (W.D. Tex. 2008); *Reservoir, Inc. v. Truesdell*, 1 F. Supp. 3d 598, 612-13 (S.D. Tex. 2014).

In light of binding and persuasive authority applying the acquiescence defense primarily to trademark, not copyright, infringement, and because the defendants neither cite any authority to the contrary nor respond to BGP's argument regarding

- 5 -

acquiescence, the court **GRANTS** BGP's motion on this issue.  The defendants

cannot assert acquiescence as an affirmative defense to copyright infringement, but

can argue that BGP authorized them to use the copyrighted material in question.

C.  Innocent Infringement

BGP asserts that the defendants should not be allowed to claim they were

innocent infringers as an affirmative defense to their alleged copyright infringement.

Motions at 3.  BGP claims that innocent infringement is not an affirmative defense to

copyright infringement.  *Id.*; see also *Live Face on Web, LLC v. Natchez Board of Realtors,*

*Inc.*, No. 5:17-CV-122-DCB-MTP, 2018 WL 1247880, at *3 (S.D. Miss. Mar. 9,

2018).  Instead, BGP states that the copyright statute, 17 U.S.C. § 504(c)(2), makes

relevant for a court's award of statutory damages whether a defendant committed

copyright infringement willfully, without mentioning innocence.  Reply at 4-5.

Alternatively, BGP believes that the court should preclude the defendants from using

this defense under Federal Rule of Evidence 403, Motions at 4, as the defense would

confuse the jury and improperly "suggest" that BGP has to meet a higher burden of

proof.  Reply at 5.  The defendants admit that innocent infringement "may not be

correctly stated as an affirmative defense" but believe that evidence that the

defendants acted willfully or innocently is still relevant if the jury ultimately makes an

award of statutory damages under § 504(c)(2).  Response at 3.

The Fifth Circuit has accepted the innocent infringement defense as a method

of reducing statutory damages in copyright infringement cases, but not necessarily as an affirmative defense to copyright infringement.  "The innocent infringer defense gives the district court discretion to reduce the minimum statutory damages from $750 to $200 per infringed work if it finds that the infringer 'was not aware and had no reason to believe that his or her acts constituted an infringement of copyright.'" *Maverick Recording Company v. Harper*, 598 F.3d 193, 198 (5th Cir.) (quoting § 504(c)(2)), *cert. denied*, 562 U.S. 1080 (2010).  Alternatively, should the court hold "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  § 504(c)(2). One district court has recognized, however, that "[t]he affirmative defense of innocent infringement cannot succeed under any set of facts because it is not, in fact, an affirmative defense to infringement liability."  *Live Face on Web*, 2018 WL 1247880, at *3.

In line with Fifth Circuit precedent and the copyright statute, and because BGP seeks either actual or statutory damages, the court **GRANTS** in part and **DENIES** in part BGP's motion on this issue.  The defendants can assert the innocent infringement defense as a method of reducing any statutory damages, if it comes to that.  The defendants, however, cannot assert the innocent infringement defense as an affirmative defense to copyright infringement, and the jury will specifically be instructed to not consider it as an affirmative defense or consider that the defense

- 7 -

changes BGP's burden of proof on copyright infringement.

## II.  CONCLUSION

For the reasons stated above, BGP's motion *in limine* is **GRANTED** in part and

**DENIED** in part.

**SO ORDERED**.

October 6, 2022.

<br>

A. JOE FISH
**Senior United States District Judge**

- 8 -